1  ELSIE B. KAPPLER
   ALEJANDRO G. ROSENBERG
2  Federal Trade Commission
   600 Pennsylvania Ave., N.W.
3  CC-9528
   Washington, DC  20580
4  (202) 326-2466 (Kappler)
   (202) 326-2698 (Rosenberg)
5  (202) 326-3197 (Fax)
   Email:  ekappler@ftc.gov;
6  arosenberg@ftc.gov
   Attorneys for Plaintiff Federal Trade Commission
7
   STEVEN DILIBERO
8  Dilibero and Associates
   130 Dorrance Street
9  Providence, RI  02903
   (401) 621-9700
10 Email:  sdilibero@diliberoandassociates.com
   Attorney for Defendants Crystal Ewing and
11 Classic Productions, LLC

12 RICKI BLACK
   2603 S.W. 28th Terrace
13 Cape Coral, FL  33913
   (702) 743-3023
14 ricki.black@ymail.com
15 *Pro Se*

16 NANCY THERESA LORD
   Nancy Lord, Ltd.
17 1970 North Leslie Road, #220
   Pahrump, NV  89060
18 (775) 253-0137
   (775) 582-1301 (Fax)
19 Email:  nancylordltd@gmail.com
   Attorney for Defendants Ronald Boyde and
20 Shirley Murphy

21 ANDREW B. LUSTIGMAN
   Olshan Frome Wolosky LLC
22 Park Avenue Tower
   65 East 55th Street
23 New York, NY  10022
   (212) 451-2258
24 (212) 451-2222 (Fax)
   Email:  alustigman@olshanlaw.com
25 Attorney for Defendants Health Nutrition
   Products, LLC, Howard Raff, and David Raff
26

27

28

CHARLES H. MCCREA, JR.
Lionel Sawyer & Collins
300 South Fourth Street
Longford East, Building 13
Las Vegas, NV  89101
(702) 383-8981
Attorney for Defendants Health Nutrition
Products, LLC, Howard Raff, and David Raff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

FEDERAL TRADE COMMISSION,

   Plaintiff,

  v.

CRYSTAL EWING, et al.

   Defendants.

Case No. 2:14-cv-000683-RFB-VCF

**STIPULATED PROTECTIVE ORDER**

  The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c).

  1. An attorney or party appearing *pro se* marking material as "Confidential Material" certifies in good faith: *first*, that it contains (a) sensitive personal information; (b) sensitive consumer information; or (c) trade secret(s) or other confidential research, development, or commercial information; and *second*, after careful determination, that the material is not reasonably believed to be already in the public domain or otherwise publicly available.

  2. Notwithstanding any designation to the contrary, no materials that are otherwise available to the public shall be treated as "Confidential."

  3. "Sensitive Personal Information" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number:  (i)

date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

4. "Sensitive Consumer Information" means any consumer's (a) address; (b) phone number; (c) financial institution account number; or (d) credit or debit card number, whether in isolation, in combination with one another, or in combination with a consumer's name.

5. All Confidential Material produced or exchanged in the course of this litigation shall be used for the purpose of preparation and trial of this litigation, or any appeal therefrom, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. *Provided, however,* that nothing in this Protective Order shall impose any restrictions on the use or disclosure by the FTC, including its employees, agents, attorneys, and all other parties acting on its behalf, of confidential materials as provided by: (1) the FTC's Rules of Practice and any cases construing them; (2) Sections 6(f) and 21 of the Federal Trade Commission Act and any cases construing them; and (3) any other legal obligation imposed upon the FTC.

6. Confidential Material must be designated as follows:

(a) Mark paper materials "CONFIDENTIAL-[DESIGNATING PARTY NAME]." If paper material is only confidential in part, mark only the portions of the material that are confidential.

(b) Mark electronic materials "CONFIDENTIAL-[DESIGNATING PARTY NAME]" by marking each electronic page or subpart that is confidential. If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material. Also mark the electronic storage medium, as well as any electronic file and folder name "CONFIDENTIAL."

(c)     Designate deposition transcripts as Confidential Material within 10 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential and notifying all parties of same. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires. The 10-day period for designation may be extended by agreement of the parties. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of the transcript in accordance with this Order.

7.    Confidential Material may only be disclosed to:

(a)    the Court and court personnel;

(b)    the parties' outside counsel and their employees only to the extent necessary to assist in the litigation;

(c)    experts, vendors, and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

(d)    any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material;

(e)    witnesses, including deponents, and their counsel, provided that they agree in writing to abide by this protective order.

8.    An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

9.    Confidential Material shall only be filed either: (a) redacted through the Court's ECF system; or (b) with a motion to seal the material, unless the party introducing the material provides the designee notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the designee to seek further protection from the

Court. If the designee seeks protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request; *provided, however,* that the parties shall comply in all regards with Fed. R. Civ. P. 5-2 and Local Rule 10-5.

10. At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Materials and any other materials containing confidential information. All Confidential Materials held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential Materials in accordance with Rule 4.12 of the FTC's Rules of Practice.

11. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12. This Order continues to govern Confidential Information after conclusion of the case absent further order of the Court.

SO STIPULATED:

*/s/ Elsie B. Kappler*

_____
ELSIE B. KAPPLER
ALEJANDRO G. ROSENBERG
Federal Trade Commission
600 Pennsylvania Ave., NW
Maildrop CC-9528
Washington, D.C. 20580
(202) 326-2466 (Kappler)
(202) 326-2698 (Rosenberg)
(202) 326-3197 (Fax)
Email: ekappler@ftc.gov; arosenberg@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

1
2
3
4
5
6
7

*/s/ Steven Dilibero*

_____
STEVEN DILIBERO
Dilibero and Associates
130 Dorrance Street
Providence, RI  02903
(401) 621-9700
Email:  sdilibero@diliberoandassociates.com
Attorney for Defendants
CRYSTAL EWING AND CLASSIC PRODUCTIONS, LLC

8
9
10
11
12
13
14

*/s/ Nancy T. Lord*

_____
NANCY THERESA LORD
Nancy Lord, Ltd.
1970 North Leslie Road, #220
Pahrump, NV 89060
(775) 253-0137
(775) 582-1301 (Fax)
Email: nancylordltd@gmail.com
Attorney for Defendants
RONALD BOYDE AND SHIRLEY MURPHY

15
16
17
18
19
20

*/s/ Ricki Black*

_____
RICKI BLACK
2603 S.W. 28th Terrace
Cape Coral, FL  33913
(702) 743-3023
ricki.black@ymail.com
*PRO SE*

21
22
23
24
25
26
27
28

*/s/ Andrew B. Lustigman*

_____
ANDREW B. LUSTIGMAN
Olshan Frome Wolosky LLC
Park Avenue Tower
65 East 55th Street
New York, NY 10022
212-451-2258
Fax:  212-451-2222
Email: alustigman@olshanlaw.com

|   |   |
|---|---|
| 1 | */s/ Charles H. McCrea, Jr.* |
| 2 | CHARLES H. MCCREA, JR. |
|   | Lionel Sawyer & Collins |
| 3 | 300 So. Fourth Street Longford East, Building 13 |
| 4 | Las Vegas, NV  89101 |
|   | 702-383-8981 |
| 5 | Fax: 702-383-8845 |
|   | Email: cmccrea@lionelsawyer.com |
| 6 | Attorneys for Defendants |
| 7 | HEALTH NUTRITION PRODUCTS, LLC, |
|   | HOWARD RAFF, AND DAVID RAFF |

Dated:  October 27, 2014

IT IS SO ORDERED:

_____
Cam Ferenbach, United States Magistrate Judge

Dated:  10-27-2014

**CERTIFICATE OF SERVICE**

    I, Alejandro G. Rosenberg, hereby certify that on this 27th day of October, 2014, I served the foregoing document electronically on all counsel above via CM/ECF, and on Ricki Black via Fedex to 2603 S.W. 28th Terrace, Cape Coral, FL 22913 and email to ricki.black@ymail.com.

                                         */s/ Alejandro G. Rosenberg*

                                         Alejandro G. Rosenberg